## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

| | |
|---|---|
| JOSEPH H. ANDREANA, )<br>    on behalf of himself and all others )<br>    similarly situated, )<br>    )<br>    **Plaintiff**, )<br>    )<br>v.     )<br>    )<br>**VIRGINIA BEACH CITY PUBLIC SCHOOLS**, )<br>and )<br>**SCHOOL BOARD OF THE CITY OF** )<br>**VIRGINIA BEACH**, )<br>    )<br>    **Defendants**. ) | Civil Action No.   2:17cv574 |

## COMPLAINT

NOW COMES Plaintiff Joseph H. Andreana, on behalf of himself and all others similarly situated, for his Complaint against Defendants Virginia Beach City Public Schools and the School Board of the City of Virginia Beach, and alleges and says as follows:

### PARTIES

1. Plaintiff is a citizen and resident of Virginia Beach, Virginia.

2. Defendant Virginia Beach City Public Schools is a public entity that provides educational services for the City of Virginia Beach.

3. Defendant School Board of the City of Virginia Beach is an 11-member body created pursuant to the Constitution of Virginia and responsible for the supervision of all public schools in the City of Virginia Beach.

4. At all times relevant herein, Defendants were employers, and Plaintiff was an employee of Defendants, as those terms are defined in 29 U.S.C. § 630.

**JURISDICTION AND VENUE**

5. This is an action for individual and class relief from disparate treatment, disparate impact, and pattern and practice discrimination on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq.

6. This Court has subject matter jurisdiction of Plaintiff's Federal law claim pursuant to 28 U.S.C. § 1331 and 1343(a)(4) and 29 U.S.C. § 626(c)(1).

7. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district, and Defendants' unlawful employment practices were committed in this district. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff filed a Charge of Discrimination against Defendants for the unlawful employment practices set forth herein, including class allegations, with the U.S. Equal Employment Opportunity Commission and did so within the required time limits specified by law and regulation. Plaintiff received a notice of right to sue from the EEOC and instituted this action within ninety days of his receipt of said notice. Plaintiff has satisfied all pre-filing requirements for this action as both an individual and a collective action pursuant to 29 U.S.C. § 626(b), (d) and (e).

**FACTUAL ALLEGATIONS**

9. Plaintiff has been an employee of Defendants for over 28 years. For 16 years until the Summer of 2015, Plaintiff was a computer resources specialist (CRS). Twice he was selected as his school building's Teacher of the Year.

10. In the Spring of 2015, Defendants decided to reorganize computer resources positions system-wide. They informed employees that all CRS positions, of which there were 104, would be reduced to 84 information technology specialist (ITS) positions. Defendants

required all CRS employees to reapply for employment and publicly posted the ITS positions as job vacancies open to other employees and the public. The average age of the 104 CRS employees as of March 2015 was 49.4 years.

11. Defendants implemented a screening and evaluation process and policy for the purpose of choosing among the candidates for the ITS positions. Of the 104 CRS employees, 99 applied for the ITS positions. In addition, upon information and belief, another 100 people who were not CRS employees applied for the positions.

12. Defendants' screening and evaluation process did not evaluate applicants fairly but instead discriminated against candidates based on age. CRS employees who were substantially older and with vastly more experience in the position and field were systematically passed over for the ITS positions in favor of younger, less-qualified applicants.

13. The 99 CRS employees who applied for the ITS positions had an average age as of March 2015 of 48.1 years. 74 were initially selected for ITS positions; those 74 had an average age of 45.6 years. 22 applied for and were initially denied ITS positions; those 22 had an average age of 56.1 years, and all were within the protected class under the ADEA.

14. Of the 22 applicants initially denied ITS positions, three opted to retire after being informed of Defendants' decision. Four others, with an average age of 58.3 years, challenged Defendants' discrimination on the basis of age. Defendants then offered those four ITS positions, but even when so confronted with their discriminatory practices, did nothing to remedy their discrimination against the other older CRS employees, including Plaintiff, wrongfully denied ITS positions.

15. In March 2015, Plaintiff had sixteen years of experience as a CRS and twenty-four years of employment in technology. Despite these qualifications, Defendants selected for ITS positions the following CRS employees instead of Plaintiff:

| Age | Years of tech experience | Years as CRS |
|---|---|---|
| 38 | 13 | 8 |
| 35 | 10 | 2 |
| 28 | 5 | 2 |
| 34 | 9 | 1 |
| 37 | 14 | 11 |
| 34 | 10 | 3 |
| 36 | 8 | 2 |
| 39 | 11 | 3 |
| 32 | 9 | 2 |
| 36 | 13 | 11 |
| 30 | 7 | 4 |
| 31 | 8 | 1 |
| 39 | 14 | 7 |
| 35 | 7 | 0 |
| 34 | 10 | 6 |
| 36 | 9 | 1 |
| 33 | 9 | 4 |
| 35 | 9 | 2 |
| 32 | 10 | 2 |

| 30 | 4 | 1 |
| --- | --- | --- |
| 32 | 9 | 2 |
| 34 | 11 | 7 |
| 33 | 8 | 2 |

Those similarly situated likewise had CRS and technology experience that surpassed that of those above.

16. Defendants' decision to select the substantially younger individuals in paragraph 15 instead of Plaintiff and those similarly situated was based on age.

17. Plaintiff and those similarly situated were better qualified than all of the younger individuals listed in paragraph 15. They met all of the bona fide occupational qualifications of the ITS position.

18. Plaintiff was meeting all of the expectations of Defendants in the performance of his duties when Defendants discriminated against him. He had received excellent performance reviews throughout his employment with Defendants.

19. Upon information and belief, those similarly situated were meeting all of the expectation of Defendants in the performance of their duties when Defendants discriminated against them.

20. As the result of Defendants' discrimination, Plaintiff was forced to accept employment with Defendants as a classroom teacher at lower pay than he would have received as an ITS employee.

21. As the result of Defendants' discrimination, those similarly situated were forced to accept employment with Defendants in positions with lower pay or to retire.

22. But for Defendants' discrimination, Plaintiff and those similarly situated would have been employed as ITS employees.

23. Defendants' ITS selection process discriminated on the basis of age and was Defendants' standard operating policy. Through this policy Defendants engaged in a pattern and practice of discrimination.

24. Defendants' selection process caused a disparate impact on the basis of age and thereby constituted was an unlawful employment practice. Older and more experienced CRS employees in the protected class were systematically rejected by Defendants for the ITS positions in favor of substantially younger, less qualified applicants.

25. Defendants' conduct evinced a reckless and callous indifference to the federally protected rights of Plaintiff and those similarly situated. Defendants knew or showed reckless disregard for the matter of whether their selection process was prohibited by law. Defendants knew the ADEA prohibited the disparate treatment of employees based on age and the implementation of a selection process that had a disparate impact on employees based on age. Defendants knew that the ITS selection process discriminated against older CRS employees yet intentionally refused to remedy the discrimination even after it was brought to their attention.

26. Defendants' violations of the ADEA were willful.

27. Plaintiff and those similarly situated have been damaged as the result of Defendants' discrimination. They have been denied employment opportunities and lost wages.

28. Plaintiff and those similarly situated were subject to the same policies, procedures, and practices, including the discriminatory selection process for the ITS positions.

29. Plaintiff and those similarly situated were all over 40 years' old and had significantly greater CRS and technology experience than the substantially younger individuals selected by Defendants for the ITS positions.

30. Plaintiff and those similarly situated were all rejected by Defendants for the ITS positions on the basis of age.

31. All of the CRS employees who interviewed for the ITS positions but were not selected were similarly situated to Plaintiff in that they were: all over 40 and in the protected class; CRS employees; and, had greater CRS and technology experience than substantially younger, less qualified individuals selected by Defendants.

32. Plaintiff is an appropriate representative for the purposes of the Court certifying a collective action and approving a notice of the action to potential class members. Plaintiff's ADEA claims are the same or similar to the claims of the other potential class members. In particular, Plaintiff is an appropriate representative for the 18 CRS employees in the protected class who interviewed for ITS positions but were not selected.

**COUNT ONE – DISPARATE TREATMENT IN VIOLATION OF THE ADEA**

33. The allegations in paragraphs 1 through 32 above are incorporated by reference as if fully set forth herein.

34. Plaintiff and others similarly situated are within the protected class under the ADEA.

35. Plaintiff and others similarly situated were qualified for the ITS positions.

36. Defendants discriminated against Plaintiff and others similarly situated based on age.

37. Defendants knew or showed reckless disregard for the matter of whether their

conduct was prohibited by law.

38. Plaintiff and others similarly situated have been damaged from Defendants discrimination based on age.

### COUNT TWO – DISPARATE IMPACT IN VIOLATION OF THE ADEA

39. The allegations in paragraphs 1 through 38 above are incorporated by reference as if fully set forth herein.

40. Defendants' ITS selection process had a disparate impact on the basis of age.

41. Plaintiff and others similarly situated are within the protected class under the ADEA.

42. Plaintiff and others similarly situated were qualified for the ITS positions.

43. Defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by law.

44. Plaintiff and others similarly situated have been damaged from Defendants' ITS selection process.

### COUNT THREE – PATTERN AND PRACTICE DISCRIMINATION IN VIOLATION OF THE ADEA

45. The allegations in paragraphs 1 through 44 above are incorporated by reference as if fully set forth herein.

46. Defendants' pattern and practice was to discriminate on the basis of age in their ITS selection process. The ITS selection process was a systematic policy of discrimination, and Defendants failure to remedy it in the face of age discrimination complaints demonstrates official complicity in the policy of discrimination.

47. Plaintiff and others similarly situated have been damaged from Defendants pattern and practice discrimination based on age.

WHEREFORE, Plaintiff respectfully prays the Court:

1. That the Court certify a class of former CRS employees who applied for ITS positions and were not selected by Defendants.

2. That Plaintiff and those similarly situated be awarded back pay, liquidated damages, attorney's fees, and other relief from Defendants;

3. That Plaintiff and those similarly situated be employed as ITS employees, or in the alternative, be awarded front pay and benefits from Defendants;

4. For a declaration that Defendants violated the ADEA;

5. For a trial by jury on all issues so triable; and,

6. For such other and further relief as the Court may deem just and proper.

This the 7th day of November, 2017.

**JOSEPH H. ANDREANA**

/s/
Counsel

James R. Theuer (VSB #68712)
Attorney for Plaintiff Joseph H. Andreana
JAMES R. THEUER, PLLC
555 E. Main St., Suite 1212
Norfolk, VA 23510
Tel: (757) 446-8047
Fax: (757) 446-8048
jim@theuerlaw.com