IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSEPH H. ANDREANA,
On behalf of himself and all others
similarly situated,

        Plaintiff,

v.                                           Civil Action No.: 2:17-cv-574

VIRGINIA BEACH CITY PUBLIC SCHOOLS
and
SCHOOL BOARD OF THE CITY OF
VIRGINIA BEACH,

        Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court is Plaintiff's Motion for Conditional Class Certification pursuant to 29 U.S.C. § 216 (b). ECF Nos. 4-5. Specifically, Plaintiff moves for conditional certification of an opt-in class of workers who worked for Defendant as computer resources specialists in March 2015 and applied for information technology specialist positions during that period, but were not selected. For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

This case involves alleged discrimination on the basis of age against the Virginia Beach Public City Schools and the School Board of the City of Virginia Beach.[1] ECF No.1. For background, Plaintiff has been an employee of Defendant for over twenty-eight years and has primarily worked as a computer resources specialist (CRS). *Id.* at 2. In 2015, Defendants reorganized these positions and informed staff that the CRS positions would be reduced from

---

[1] Although Plaintiff named the Virginia Beach Public City Schools and the School Board of the City of Virginia Beach as Defendants, it is clear to the Court that Plaintiff's cause of action is against the same entity and Defendant. Va. Code Ann. § 22.1-28,71 (West 2018) (discussing authority and power of school boards to administer public schools and the ability to sue and be sued).

1

104 to 84, and would be replaced with information technology specialist (ITS) positions. *Id.* All CRS employees were required to reapply for employment and the positions were also publicly posted. *Id.* at 3. Plaintiff applied and was not selected for an ITS position. *Id.* at 4.

On August 13, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission for age discrimination against Defendant. ECF No. 12. Subsequently, on November 7, 2017, Plaintiff filed this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (West 2018), and seeks relief from disparate treatment, disparate impact, and pattern and practice discrimination on the basis of age. ECF No. 1 at 2. He alleges that Defendant's screening and evaluation process for the ITS positions discriminated against candidates based on age and did not evaluate applicants fairly. *Id.* at 3. As such, older CRS employees, including Plaintiff, met all of the required qualifications for the positions and had more experience, but were systematically rejected in favor of younger and less qualified applicants. *Id.*

On November 20, 2017, Plaintiff filed a Motion for Conditional Class Certification on behalf of himself and others similarly situated. ECF No. 4. Defendant filed a response in opposition and Plaintiff filed a reply. ECF Nos. 20, 24. Additionally, Defendant filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 10, 16. Plaintiff filed responses in opposition and Defendant filed replies. ECF Nos. 19, 21, 22, 25. The parties have submitted memoranda in support of their respective positions, and the Motion for Conditional Class Certification is now ripe for judicial determination.

## II. LEGAL STANDARD

The ADEA incorporates the collective action procedures and scheme of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §626(b) (The provisions of this chapter shall be enforced in

2

accordance with the powers, remedies, and procedures provided in sections ... 216 (except for subsection (a) thereof ... of this title..."). Section 216(b) of the FLSA explicitly provides for representative or class actions:

> An action to recover the liability prescribed [under the FLSA] may be maintained against any employer in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to [a class] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2008). Thus, FLSA class certification requires: (1) that the Plaintiffs in the class be "similarly situated," and (2) that the plaintiffs included in the class "opt in" by filing with the court their consent to the suit. *Choimbol v. Fairfiled Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006). Permitting certification is "intended to serve the important objectives embodied in the FLSA by facilitating a resolution in a single proceeding of claims stemming from common issues of law and fact, and to aid in the vindication of the plaintiffs' rights by lowering the individuals' costs by pooling claims and resources." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The initial FLSA class certification commences with conditional certification, prior to discovery, after a showing that the putative class members are similarly situated. *Choimbol*, 475 F. Supp. 2d at 562-63. At this stage in the proceedings, the district court's determination of whether to grant conditional certification is "made using a fairly lenient standard." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). This first stage is known as the notice stage. *Id.* Here, the district court determines whether initial notice of the action should be provided to potential class members. *Id.* The court need not rely on more than "substantial

3

allegations that the putative class members were together victims of a single decision, policy or plan." *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 893 (D. Md. 1995). Finally, "the district court may facilitate this notice by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiffs' counsel to send to potential plaintiffs, or by some other appropriate action." *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (citing *Hoffmann-La Roche*, 493 U.S. at 169).

### III. DISCUSSION

#### A. Conditional Certification of an ADEA Collective Action

Plaintiff moves this Court to conditionally certify the following opt-in class: "all persons who worked for Defendants as Computer Resource Specialists in 2015 and applied for Information Technology Specialists positions in March 2015 but were not selected." ECF No. 4 at 1. Plaintiff argues that all potential class members are similarly situated because Defendant employed them as CRS employees during its reorganization of the CRS positions in March of 2015. ECF No. 5 at 7. In support of the motion, Plaintiff contends the potential class members were: all over 40; subject to the reorganization of the CRS positions in favor of ITS positions; were more experienced in the relevant field than substantially younger individuals chosen for the ITS positions; and were ultimately forced to accept lower paying positions or retire because of Defendant's discrimination. *Id.*

In opposition, Defendant argues that Plaintiff and the potential class members are not similarly situated and do not meet the standard for class certification. Defendant presents a number of arguments in support of its motion. To Defendant, Plaintiff's proposed class is vague because it fails to define the scope of potential members. ECF No. 20 at 11. For example, Defendant argues that the proposed class of those with "greater CRS experience" or "greater

technology experience" is ambiguous and therefore difficult to determine. *See id.* Defendant also argues that the claim for disparate treatment is not appropriate for a collective action because it would entail consideration of facts unique and particular to each class member. *Id.* at 12. Finally, Defendant challenges the veracity of Plaintiff's evidence in support of the claims and argues that Plaintiff does not present sufficient facts to support the allegations. *Id.* at 13. In support, Defendant contends that Plaintiff's statistical disparities highlighting the alleged discrimination are not compelling and that the alleged facts do not demonstrate that potential class members were the victims of a single, decision, policy or plan. *Id.* at 13-18.

At this stage in the proceedings, courts must determine whether plaintiffs have met their burden under the "similarly situated" analysis. *See Choimbol*, 475 F. Supp. 2d at 562-63. While defendants raise issues that could be relevant on a motion for decertification or later dispositive motions, resolution of those issues is not essential at this stage of the conditional certification analysis. *Id.* Instead, the inquiry is limited because the court has minimal information about the contours of the representative class members. *Id.* Consequently, "in employing this more lenient standard, the court will consider whether plaintiffs are 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *Id.* (citing *De Luna-Guerrero v. N. Carolina Grower's Assoc.*, 338 F. Supp. 2d 649, 654 (E.D.N.C. 2004) (emphasizing Kearns, The Fair Labor Standards Act, § 18.IV.D.3). The court's charge is to examine whether plaintiffs were subject to a common policy or scheme. *Id*; *see also, Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 520 (D. Md. 2000) (holding that class actions under the FLSA require a showing that potential plaintiffs were subjected to a common policy and scheme). When establishing the burden for class certification, the requirement for commonality mandates that the proposed class members suffered the same injury. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350

(2011).

The Court finds that Plaintiff has made the requisite showing for conditional certification. Here, Plaintiff need only make a modest factual showing that is sufficient to demonstrate that potential class members, together, were victims of a common policy or plan that violated the law. *See De Asencio*, 130 F. Supp. 2d at 662. Indeed, while Defendant attacks the sufficiency of Plaintiff's claims such as the statistical data presented or the vagueness of the class descriptions, the Court at this stage is not concerned with the merits of Plaintiff's claims, substantive issues, or even if the members of the collective action are actually similarly situated. *See Fisher v. Michigan Bell Tel. Co.*, 665 F.Supp.2d 819, 826 (E.D.Mich.2009) ("At this first stage of [FLSA collective action] certification ... the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations."); *see also, LaFleur v. Dollar Tree Stores, Inc.*, 30 F. Supp.3d 463, 467 (E.D. Va. 2014) (citations omitted) (discussing that on a motion to decertify the court undertakes a more "stringent" factual determination and evaluates whether members of the collective class are in fact similarly situated).

On the contrary, Plaintiff has sufficiently demonstrated that the potential class members were victims of Defendant's common plan to eliminate CRS positions in favor of ITS positions. Here, all potential class members were CRS employees of Defendant, their positions were eliminated and they were required to reapply or retire, and all had to undergo Defendant's screening and evaluation process as a part of the application process that allegedly resulted in various forms of discrimination on the basis of age.

Finally, although Defendant argues that potential claims would require substantial individualized factual determinations, the Court is not persuaded. The purpose of a collective action is to serve judicial interests by facilitating a resolution in a single proceeding of claims

rooted in common issues of law and fact. *See Hoffmann -La Roche*, 493 U.S. at 170–71. Whether the issues are common to the proposed class turns on whether the "issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *Houston*, 591 F.Supp.2d at 831. However, the situations need not be identical. *See id.* As one court explained the "similarly situated" requirement:

> That is not to say that there can be no differences among class members or that an individualized inquiry may not be necessary in connection with fashioning the specific relief or damages to be awarded to each class member. Rather, the inquiry is whether the presence of common issues allows the class-wide claims to be addressed without becoming bogged down by individual differences among class members.

*Id.*

Here, although the collective action may involve some analysis of individual differences based on the nature of the allegations, the Court does not find these differences substantial as to hinder the goals and judicial interests of a collective action. In conclusion, having reviewed the Complaint, the Motion, attached exhibits, and memoranda, the Court finds that Plaintiff has sufficiently carried the burden on conditional class certification and the proposed class will be conditionally certified.

## B. Notice to Prospective Class Members

The Court must next determine whether Plaintiff's proposed notice and consent to join is proper. Defendant objects and argues that Plaintiff fails to provide a neutral discussion of the action, a complete statement of the legal implications of joining the suit, and sufficient facts for potential members to determine if they are similarly situated. ECF No. 20. There are also a number of other deficiencies Defendant cites. Upon review, the Court finds that the notice properly instructs potential members on the procedure for joining the lawsuit and the potential implications of doing so. It provides a description of the nature of the action, the parties, and

legal claims. The notice also properly informs potential class members that Plaintiff's counsel is retained on a contingency fee basis. The Court also finds that disclosure of telephone numbers along with names and addresses will expedite the notice process. *See Mercado v. North Star Foundations, Inc.*, No. WMN-10-3467, 2011 WL 1557887, at *4 (D. Md. Apr. 21, 2011). In accordance with the Court's discretion, the Court will facilitate notice of this collective action as it deems appropriate. *See Hoffmann–La Roche Inc.*, 493 U.S. at 171–72 (explaining a district court's discretion in facilitating notice of an ADEA collective action)

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Conditional Class Certification is **GRANTED**.

**IT IS FURTHER ORDERED** that, pursuant to 29 U.S.C. § 216(b), a Conditional Class Certification and Notices under FLSA is **GRANTED** for the named Plaintiffs to include the following employees in the collective action:

> "All persons who worked for Defendant as Computer Resource Specialists in March 2015, were 40 years' of age or older at the time, applied for Information Technology Specialists positions at that time, and were not selected."

**IT IS FURTHER ORDERED** that Defendant shall provide to Plaintiff's counsel the names, last known addresses, home and mobile phone numbers, and email addresses of all potential members of the conditionally certified class within fifteen (15) days of the date of this Order;

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall circulate notices of pendency and consent to joinder to all potential members of the conditionally certified class in the proposed notices filed with the Court, and upon the Court's approval;

**IT IS FURTHER ORDERED** that, if necessary, the parties are granted leave for ninety (90) days from the date of this Order to conduct limited discovery solely on the issue of 29 U.S.C. § 216(b) class certification; the parties shall immediately confer and stipulate to any relevant disputed facts in order to tailor the scope of and the need for discovery; and the parties shall also confer with the Court with respect to the determination of scope and parameters of such discovery.

**IT IS FURTHER ORDERED** that any consents to joinder in this action by which additional persons join this litigation as plaintiffs under 29 U.S.C. § 216(b) must be filed with the Clerk of the Court no later than ninety (90) days after either the date that this Court approves the form of notice to the class or the date that Defendant provides to Plaintiff's counsel the names, last known mailing addresses, home and mobile phone numbers, and email addresses of all potential members of the conditionally certified class, which ever date is later.

**IT IS FURTHER ORDERED** that the parties shall attend a settlement conference on a date to be determined by the Court; and

**IT IS FURTHER ORDERED** that the filing of all dispositive motions shall be **STAYED** until further notice of this Court.

The Clerk is **DIRECTED** to provide a copy of this Memorandum Opinion and Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 9, 2018

/s/
Raymond A. Jackson
United States District Judge