

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSEPH H. ANDREANA,
On behalf of himself and all others
similarly situated,

       Plaintiff,

v.                                    Civil Action No.: 2:17-cv-574

VIRGINIA BEACH CITY PUBLIC SCHOOLS
and
SCHOOL BOARD OF THE CITY OF
VIRGINIA BEACH,

       Defendants.

*MEMORANDUM OPINION AND ORDER*

Before the Court are Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Both parties have filed memoranda supporting their respective positions and these matters are now ripe for judicial determination. Having reviewed the parties' filings, the Court finds that a hearing is not necessary. For the reasons set forth below, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is **DENIED** in part and **GRANTED** in part; the Court has subject matter jurisdiction over Plaintiff's disparate impact claim (Count II), but not the pattern and practice discrimination claim (Count III). Finally, Defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**I. BACKGROUND & PROCEDURAL HISTORY**

This case alleges that the Virginia Beach Public City Schools and the School Board of the City of Virginia Beach discriminated against Plaintiff and others similarly situated on the

1

basis of age. ECF No.1.[1] For background, Plaintiff has been an employee of Defendant for over twenty-eight years where he has primarily worked as a computer resources specialist (CRS). *Id.* at 2. In March of 2015, Defendant reorganized these positions and informed staff that the CRS positions would be reduced from 104 to 84, and would become information technology specialist (ITS) positions. *Id.* All CRS employees were required to reapply and the positions were also publicly posted. *Id.* at 3.

According to Plaintiff, ninety-nine CRS employees applied for the ITS positions. *Id.* Of the 99 CRS employees who applied, 74 were initially selected for the ITS positions, but 22 were not selected.[2] *Id.* Moreover, of the twenty-two not selected, three retired, and four were offered ITS positions. *Id.* Plaintiff contends that Defendant offered the four ITS positions after these individuals confronted Defendant about its discriminatory practices on the basis of age, but that Defendant failed to provide any remedy for the discrimination against Plaintiff and others similarly situated. *Id.* As a result, Plaintiff argues that he and other older CRS employees were forced to retire or accept lower paying positions. *Id.* at 5.

Plaintiff contends that Defendant's screening and evaluation process for the ITS positions discriminated against candidates based on age and did not evaluate applicants fairly. *Id.* at 3. As such, older CRS employees that met all of the required qualifications for the positions and had more experience in the relevant position and field were systematically rejected in favor of younger and less qualified applicants. *Id.* at 3.

---

[1] The Court will address whether Plaintiff legally named the proper defendant to state a cause of action, *see infra* Section II. A.3.i. but for consistency, the Court will refer to the entities in the singular as "Defendant" because they are practically the same.

[2] According to the complaint, respectively, the 99 CRS employees who applied for the ITS positions as of March 2015 had an average age of 48.1 years, the 74 who were selected had an average age of 45.6 years, and the 22 who were denied ITS positions had an average age of 56.1 years.

2

On August 13, 2015, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for age discrimination against Defendant. ECF No. 12. Subsequently, on November 7, 2017, Plaintiff filed this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (West 2018), and seeks relief from disparate treatment, disparate impact, and pattern and practice discrimination on the basis of age. ECF No. 1 at 2.

On November 20, 2017, Plaintiff filed a Motion for Conditional Class Certification. ECF No. 4. Defendant filed a response in opposition and Plaintiff filed a reply. ECF Nos. 20, 24. Additionally, Defendant filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 10, 16. Plaintiff filed responses in opposition and Defendant filed replies. ECF Nos. 19, 21, 22, 25. The motions to dismiss are now ripe for judicial determination and the Court will address each motion.

## II. DISCUSSION

### A. Motion To Dismiss For Lack of Subject Matter Jurisdiction

Defendant first moves to dismiss Plaintiff's ADEA claims for lack of subject matter jurisdiction. In support, Defendant argues that Plaintiff failed to exhaust administrative remedies because he did not file an EEOC charge against the School Board of the City of Virginia Beach, but instead named the Virginia Beach City Public Schools ("VBCPS"). ECF No. 10 at 4. Defendant also contends that Plaintiff only asserted a disparate treatment claim and failed to assert a disparate impact or pattern and practice claim. *Id.* at 2. In opposition, Plaintiff contends that although he named the VBCPS as a party in the EEOC charge, Defendant had notice of the EEOC charge and therefore Defendant's argument is without merit. ECF No. 19 at 9. Moreover, Plaintiff contends that his EEOC charge encompassed both disparate impact and pattern and practice discrimination. *Id.* at 10-14. Having reviewed the parties' arguments and evidence

presented, the Court finds that it has subject matter jurisdiction over Plaintiff's disparate impact claim (Count II). But, the Court does not have subject matter jurisdiction over the pattern and practice discrimination claim (Count III), because even liberally constructed, the Court cannot find that Plaintiff asserted the claim in the EEOC charge.

### 1. Rule 12 (b)(1) Legal Standard

Under Federal Rule of Civil Procedure 12 (b)(1), a party may move to dismiss an action for lack of subject jurisdiction. Fed. R. Civ. P. 12 (b)(1). When a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the plaintiff bears the burden of establishing that jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). In deciding a Rule 12(b)(1) motion, "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). The court must however "view[ ] the alleged facts in the light most favorable to the plaintiff, similar to an evaluation pursuant to Rule 12(b)(6)." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Dismissal under Rule 12(b)(1) is proper "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768).

### 2. Administrative Exhaustion

The ADEA prohibits discrimination on the basis of age and was enacted as part of a congressional effort to eradicate discrimination in the workplace and protect employees. *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995) Indeed, "the substantive, antidiscrimination provisions of the ADEA are modeled upon prohibitions of Title VII." *Id.*

(citing *Trans World Airlines, Inc., v. Thurston*, 469 U.S. 111, 121 (1985)). Before a civil action may be brought, the ADEA requires a plaintiff to file a charge of discrimination with the EEOC. 29 U.S.C.A. § 626(d) (West 2017). As such, a "failure to exhaust administrative remedies concerning an [ADEA] claim deprives the federal court of subject matter jurisdiction over the claim." *Jones v. Calvert Grp. Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009). Moreover, the scope of any claims plaintiff can raise in any subsequent litigation is determined by the scope of the charges brought in the EEOC charge. *Id.* at 300.

### 3. Analysis

#### i. *Plaintiff satisfied the naming requirement in the EEOC charge*

Defendant's first ground is that Plaintiff failed to name the proper party, the School Board Of The City Of Virginia Beach, in his EEOC charge. Although Plaintiff named the VBCPS, the Court finds that Defendant had notice of the claim and therefore Plaintiff's EEOC charge was sufficient to satisfy the naming the requirement.

A plaintiff must specifically identify the parties involved in the alleged discrimination when an EEOC charge is filed. *Jones*, 551 F.3d at 300. But, given that "Title VII does not require procedural exactness from lay complainants," "EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading." *Alvarado v. Bd. of Trs.*, 848 F.2d 457, 460 (4th Cir. 1988) (*quoting Kaplan v. Int'l Alliance of Theatrical & Stage Employees*, 525 F.2d 1354, 1359 (9th Cir. 1975)). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has held that the naming requirement has two primary purposes — notifying the charged party of the violation and providing an opportunity for the charged party to comply with the law before formal litigation. *Id.* at 458-59 (citations omitted).

Here, although Plaintiff named the VBCPS in his EEOC complaint, Plaintiff satisfied the naming requirement. Clearly the VBCPS is an entity of the Virginia Beach City Public School Board. Moreover, the primary purposes of the naming requirement were fulfilled. Defendant does not argue that it did not have notice of the EEOC claim, but instead argues that Plaintiff named the school as the employer, not the school board. *See* ECF No. 10 at 4. The Court is not persuaded given the liberal construction required in the review of EEOC charges and the principal purposes of the naming requirement. To hold otherwise would require "an unnecessarily technical and restrictive reading of Title VII . . . where there is substantial, if not complete identity of parties before the EEOC and the court." *Alvarado*, 848 F.2d at 461 (citation omitted) (holding that employee could maintain Title VII action against a community college board of trustees although the community college was named in the administrative charge). Therefore, a charge is acceptable if it is "sufficiently precise to identify the parties." *Chacko v. Patuxent Ins.*, 429 F.3d 505, 508 (4th Cir. 2005) (citation omitted). Accordingly, the Court finds that Plaintiff satisfied the naming requirement in his EEOC charge.

> ii. *The Court has subject matter jurisdiction over Plaintiff's disparate impact claim but not the pattern and practice claim*

Defendant also contends that Plaintiff only asserted a disparate treatment claim and failed to assert a disparate impact or pattern and practice claim in his EEOC charge. ECF No. 10 at 7. It is well settled "the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). Generally, "only those discrimination claims stated in the initial charge, those reasonably related to the complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII

lawsuit." *Id.* Thus, if the claims "exceed the scope of the EEOC charge ..., they are procedurally barred." *Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407 (4th Cir. 2013) (citations omitted).

The Fourth Circuit has addressed the scope of this rule in various scenarios. For example, "[a] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex." *Jones*, 551 F.3d at 300 (citations omitted). Similarly, "a claim will also typically be barred if the administrative charge alleges one type of discrimination such as discriminatory failure to promote, and the claim encompasses another type such as discrimination in pay and benefits." *Chacko*, 429 F.3d at 509 (citation omitted).

Furthermore, "the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Id.* at 509; *see also, Dennis v. Cty. Fairfax*, 55 F.3d 153, 156-57 (4th Cir. 1995) (charge alleging discrimination in defendant's disciplining did not cover broader pattern of discrimination in hiring, training and promotion). Thus, a claim will be procedurally barred if the factual allegations in the administrative charge are too vague to support the claim in subsequent litigation. *See Taylor v. Va Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999)(en banc) (finding no exhaustion of administrative remedies where facts incorporated into the charge, including after-hours phone calls and touching, were too inconclusive to suggest sexual harassment), *abrogated on other grounds* by, *Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003). With this framework, the Court must next determine if the factual allegations in the EEOC charge are reasonably related to the factual allegations in the complaint.

In this action, Plaintiff alleges that Defendant discriminated on the basis of age in three ways: disparate treatment (Count I); disparate impact (Count II); and pattern and practice discrimination (Count III).[3] ECF No. 1 at 8. Disparate impact claims involve "employment practices that are facially neutral in their treatment of different groups but that, in fact, fall more harshly on one group than another and cannot be justified by business necessity." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). No discriminatory motive is required, but the employee must isolate and identify "the specific employment practices that are allegedly responsible for any observed statistical disparities." *See Teamsters v. United States*, 431 U.S. 324, 325-26 n.15 (1977); then quoting *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005). On the other hand, to demonstrate pattern or practice of discrimination, it must be shown that "discrimination was the [employer's] standard operating procedure." *Teamsters*, 431 U.S. at 336 n.16. Such proof requires "more than the mere occurrence of isolated[,] accidental or sporadic discriminatory acts." *Id.* Rather, the discrimination must have been the employer's regular practice as opposed to an unusual occurrence. *Id.*

Here, Plaintiff's EEOC charge alleges that 80 applicants were selected out of approximately 110, and that "many of the applicants selected were less qualified an[d] younger." EEOC Compl., ECF No. 12. Also, "as a class, individuals over the age of 40 were denied hire for the Instructional Technology Specialist in violation of the ADEA." *Id.* Turning to the complaint, Plaintiff essentially pleads the same allegations. He provides the same background including the number of applicants and the general allegation that Defendant's selection process resulted in older and more experienced applicants being excluded from the ITS positions because of their age in favor of younger applicants. *See* Compl. ¶ 13,15, ECF No. 1 at 3 (comparing ages

---

[3] Defendant does not allege that Plaintiff failed to exhaust administrative remedies with his disparate treatment claim (Count I).

of CRS applicants and those selected for ITS positions). Reviewing the facts alleged in the EEOC charge and the complaint with the "utmost liberality," the Court finds that the claims are reasonably related and therefore Plaintiff exhausted administrative remedies with his disparate impact claim.

On the other hand, the Court finds that Plaintiff did not exhaust administrative remedies in relation to the pattern and practice discrimination claim. The Court cannot find, despite applying the "utmost liberality" to Plaintiff's EEOC charge, any language alleging that Defendant engaged in a pattern or practice of discrimination. As previously discussed, a pattern and practice claim involves discrimination that is "regular" or an employer's "standard operating procedure." *Teamsters*, 431 U.S. at 336 n.16. Here, Plaintiff's EEOC charge does not contain any reference to any other practice or custom of discrimination besides the allegations surrounding Defendant's reorganization of the CRS positions in March 2015. Without more, the Court cannot conclude that Plaintiff's allegations of pattern and practice discrimination are reasonably related to the EEOC charge. *See Taylor v. Va Union Univ.*, 193 F.3d 219, 239 (4th Cir. 1999) (holding that a claim will be procedurally barred if the factual allegations in the administrative charge are too vague to support the claim in subsequent litigation), *abrogated on other grounds* by, *Desert Palace Inc. v. Costa*, 539 U.S. 90 (2003). Therefore, because Plaintiff failed to exhaust administrative remedies with the pattern and practice discrimination claim, the Court lacks subject matter jurisdiction over this claim.

The Court finds that Plaintiff exhausted administrative remedies on the claim for disparate impact (Count II), and therefore the Court has subject matter jurisdiction over this claim. But, the Court lacks subject matter jurisdiction over the pattern and practice discrimination claim (Count III) because Plaintiff failed to exhaust administrative remedies.

9

Accordingly, the Motion to Dismiss Count II is DENIED, and the Motion to Dismiss Count III is GRANTED.

### B. Motion to Dismiss For Failure to State A Claim For Which Relief Can Be Granted

Defendant also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and argues that Plaintiff fails to plead sufficient facts to state a cause of action for disparate impact and pattern and practice discrimination. ECF No. 16. Plaintiff opposes the motion and argues that the allegations exceed the required pleading standard to survive a motion to dismiss. ECF No. 21. The Court will limit its analysis to the disparate impact claim (Count II) given that Defendant does not dispute the disparate treatment claim (Count I) and the Court dismissed the pattern and practice discrimination claim for lack of subject matter jurisdiction. *See, supra*, Section II, A. Having reviewed the parties' arguments, the Court finds that Plaintiff pleads sufficient facts to state a cause of action for disparate impact discrimination.

### 1. Rule 12 (b)(6) Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 32 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969).

Although a complaint need not contain detailed factual allegations, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the factual allegations alleged by the plaintiff do not nudge the plaintiff's claims "across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570. A plaintiff however is generally permitted to plead facts based on "information and belief" if such plaintiff is in a position of uncertainty because the necessary evidence is controlled by the defendant. *See Raub v. Bowen*, 960 F. Supp.2d 602, 615 (E.D. Va. 2013).

### 2. Analysis

To state a cause of action for disparate impact, a plaintiff must show that "employment practices that are facially neutral in their treatment of different groups but that, in fact, fall more harshly on one group than another and cannot be justified by business necessity." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). No discriminatory motive is required, but the employee must isolate and identify "the specific employment practices that are allegedly responsible for any observed statistical disparities." *Teamsters v. United States*, 431 U.S. 324, 325-26 n.15 (1977); then quoting *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005).

Here, Plaintiff's complaint states that Defendant reorganized its computer resources positions in the spring of 2015. Compl. ¶ 10, ECF No.1 at 2. As a part of this process, the Defendant "implemented a screening and evaluation process [that] did not evaluate applicants fairly[,] but instead discriminated against candidates based on age," and "CRS employees who were substantially older and with vastly more experience in the position and field were systematically passed over for the ITS positions in favor of younger, less-qualified applicants" as a result. *Id.* ¶ 12, ECF No. 1 at 3. Plaintiff further alleges that "Defendants' ITS selection process

had a disparate impact on the basis of age," *Id.* ¶ 42, 13 ECF No.1 at 8, and supports the allegations with statistical data highlighting the respective ages of the applicants and those selected, *see id.* ¶ 13, ECF No.1 at 3 ("The 99 CRS employees who applied for the ITS positions had an average age as of March 2015 of 48.1 years. 74 were initially selected for ITS positions; those 74 had an average age of 45.6 years. 22 applied for and were initially denied ITS positions; those 22 had an average age of 56.1 years.").

In opposition, Defendant argues that Plaintiff has not stated a cause of action because Plaintiff's allegation of the "selection process" or "screening and evaluation process" is not a specific employment practice. ECF Nos. 16 at 6-7; 25 at 3. Defendant further contends that the complaint does not identify that the discriminatory employment policy was the "personnel reorganization to reduce 104 CRS positions to 84 ITS positions," and that Plaintiff's allegations fail to specify the employment practice *within* the screening and interview process that resulted in the alleged discrimination such as a disregard of years of service, experience, longevity, etc. *See* ECF No. 25 at 4-8. Finally, Defendant challenges the veracity of Plaintiff's statistical data to support the claim of disparate impact and argues that Plaintiff's data only analyzes the pool of former CRS employees and not the total population of applicants. *See* ECF No. 16 at 6-7. Moreover, Defendant contends that these age comparisons show only a slight decrease in the average ages of CRS employees and do not demonstrate a significant disparity. *See* ECF No. 25 at 10-11. The Court finds Defendant's arguments unpersuasive because it ignores the procedural posture of a 12(b)(6) motion to dismiss.

At this stage of litigation, the Court must determine whether there are "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Court must also *favorably construe* the allegations of the complainant and assume that the facts alleged in

the complaint are true. *See Erickson*, 551 U.S. at 93-94 (emphasis added). Therefore, in this case, although Plaintiff did not specifically allege that the "discriminatory employment policy was the personnel reorganization to reduce 104 CRS positions to 84 ITS positions," the Court can look at complaint in its entirety and infer that Plaintiff's disparate impact claim relates to Defendant's reorganization of the computer resources positions in March 2015. In fact, Plaintiff incorporates this information in his pleading. *See* Compl. ¶ 39, ECF No.1 at 8 (Count Two- Disparate Impact In Violation Of The ADEA 39. "The allegations in paragraphs 1 through 38 above are incorporated by reference as if fully set forth herein."); *see also Simons v. Montgomery Cty. Police Officers*, 762 F.2d 30, 32 (4th Cir. 1985) (holding that for purposes of a Rule 12(b)(6) motion, courts may rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference).

Lastly, Defendant's arguments concerning the weight and veracity of Plaintiff's statistical data to support the disparate impact claim is without merit. As discussed, a disparate impact claim involves an employment practice that falls more harshly on one group than another. *See Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993). At this stage of the litigation, the Court must only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354 (4th Cir. 1969). So, while the weight and sufficiency of the statistical data Plaintiff presents in support of the disparate impact claim is relevant in proving the cause of action, the Court need not dive into an analysis of this data at this stage. On the contrary, the Court's purpose at this juncture is to test the sufficiency of the complaint and not to resolve contests surrounding the merits of the claim. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and quotation marks omitted) ("The purpose of Rule 12(b)(6)

is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.") As such, the Court finds that Plaintiff states a cause of action for disparate impact discrimination.

Accordingly, the Motion to Dismiss Count II is DENIED.

### III. CONCLUSION

For the reasons outlined above, Defendant's Motion To Dismiss **COUNT II** pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED** and **COUNT III** is **GRANTED**. Defendant's Motion To Dismiss **COUNT II** pursuant to Federal Rule of Civil Procedure 12(b)(6) is **DENIED** and **COUNT III** is **MOOT**.

The Clerk is **DIRECTED** to electronically provide a copy of this Order to all parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
May 9, 2018

/s/
Raymond A. Jackson
United States District Judge